IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| FANCHON COURTNEY,[1] ) | |
| ) | |
| Plaintiff, ) | No. 10 C 2782 |
| v. ) | |
| ) | Judge Robert W. Gettleman |
| CHICAGO POLICE DEPARTMENT ) | |
| and CITY OF CHICAGO, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Fanchon Courtney sued defendants Chicago Police Department and the City of Chicago in a two-count amended complaint, alleging an unreasonable seizure claim pursuant to 42 U.S.C. § 1983 against the Police Department and a failure to train claim against the City. Plaintiff's claims are based on her contention that, in the course of lawfully executing a search warrant (for her son, Marty Lang) at her home, Chicago police officers unlawfully seized her money. Defendants have moved for summary judgment. For the following reasons, defendants' motion is granted.

## DISCUSSION

**I. Defendants' Summary Judgment Motion**

A movant is entitled to summary judgment under Rule 56 when the moving papers and affidavits show there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). After considering the record as a whole and drawing all reasonable inferences in the light most favorable to plaintiff, Fisher v. Transco Services-

---

[1] Although plaintiff s surname is spelled "Courtny" in her complaint, "Courtney" is used throughout her response to defendants' summary judgment motion and related filings and exhibits. (Defendants also use the "Courtney" spelling.)

Milwaukee, Inc., 979 F.2d 1239, 1242 (7th Cir. 1992), the court concludes that plaintiff has not met her burden of showing that there is any genuine issue for trial as to either of her claims. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).

As the Police Department correctly argues, it is entitled to summary judgment on Count I[2] because the City is the proper defendant. The Chicago Police Department does "not enjoy a legal existence independent of the City of Chicago" and therefore cannot be sued as a separate entity. Reese v. Chi. Police Dep't, 602 F.Supp. 441, 443 (N.D. Ill. 1984), cited in Puppala v. Will County Cmty. Health Ctr., No. 9 CV 6804, 2010 WL 3893847, at *1 n.1 (N.D. Ill. Sept. 30, 2010). Plaintiff interprets this lack of independent legal status to mean that she can sue the Police Department so long as she also sues the City. That interpretation, however, fails to comport with this district's rule that "[a]ny claims that the plaintiff may bring against the Chicago Police Department are properly lodged against the City of Chicago." Gutzwiller v. City of Chi., No. 03 C 7598, 2004 WL 1595369, at *4 (N.D. Ill. July 13, 2004), citing Moseley v. City of Chi., No. 91 C 940, 1991 WL 53765, at *3 (N.D. Ill. Apr. 4, 1991). Plaintiff should have brought this claim against the City, not the Police Department..

But even if the court construes Count I as a claim against the City, summary judgment in the City's favor is appropriate. Plaintiff is seeking relief for the seizure of her money. If state law provides an adequate post-deprivation remedy, an intentional property deprivation caused by an unauthorized act of government employees acting under color of state law does not amount to

---

[2] Defendants' motion and supporting briefs assume that plaintiff has asserted her failure to train claim against both defendants. It is, however, apparent from the face of the complaint that the unlawful seizure claim is alleged against only the Police Department, and the failure to train claim is alleged against only the City.

a constitutional violation. Hudson v. Palmer, 486 U.S. 517, 533 (1984); Belcher v. Norton, 497 F.3d 742, 750 (7th Cir. 2007). Illinois indeed provides such a remedy: the Illinois Drug Asset Forfeiture Procedure Act, 725 Ill. Comp. Stat. 150/1 et seq..[3] It is undisputed that plaintiff in fact availed herself of this remedy by filing the requisite verified claim form and by recovering the money.

The City is also entitled to summary judgment on Count II, plaintiff's failure to train claim. Plaintiff claims[4] that the City failed to train the police officers who performed the search that resulted in the seizure of her money. A municipality may be held liable for the failure to adequately train its officers "only when the inadequacy in training amounts to deliberate indifference to the rights of the individuals with whom the officers come into contact." Jenkins v. Barlett, 487 F.3d 482, 492 (7th Cir. 2007), citing City of Canton v. Harris, 489 U.S. 378, 388 (1989). Plaintiff fails to offer evidence of any contested issues of material fact that, if taken in her favor, would establish deliberate indifference. (Indeed, her complaint does not even allege deliberate indifference.)

Further, plaintiff's sole "evidence" of failure to train is her baseless assertion that four of the six officers who participated in the search "are on trial for a number of constitutional violations," which according to plaintiff means that two-thirds of all Chicago Police Officers are

---

[3] Plaintiff attempts to argue that this Act is not an adequate remedy because she should be allowed to sue for the alleged Fourth Amendment violation pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388, 392 (1971). Bivens allows an individual injured by a federal agent's alleged violation of his Fourth Amendment rights to sue the agent for damages. Because plaintiff has not sued a federal agent, Bivens is inapplicable.

[4] The claims are ostensibly made under 42 U.S.C. § 1983 and Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694 (1978), although Count II mentions neither.

currently being sued for constitutional violations: "every four out of six Chicago Police Officers are involved in some kind of lawsuit for violating the U.S. Constitution." Even putting aside plaintiff's undeniably flawed statistical extrapolation, this statement is unsupported by any evidence. No record evidence shows that four of these officers are currently on trial; defendant's responses to plaintiff's interrogatories state that three (not four) of the officers are involved in pending litigation (not that they are on trial). One of those officers is involved only in a lawsuit, pending in the Circuit Court of Cook County, that relates to a car accident.[5] Nothing indicates that these officers have been found liable for violations related to the one plaintiff has alleged—and indeed, plaintiff's interrogatories do not ask if any of the cases have been resolved and, if so, how. Nor does any other evidence show a pattern of these or other officers' misbehavior. The court thus cannot conclude that plaintiff has offered any evidence of a pattern of constitutional violations that would allow her to proceed to trial on a failure to train claim.

## II. Local Rule 56.1 Violations

Although this issue does not ultimately affect the decision to grant summary judgment for defendants, the court notes that both parties have failed to follow the spirit and the letter of Local Rule 56.1, with which the court has discretion to demand strict compliance.[6] Raymond v.

---

[5] Defendants' answer to plaintiff's interrogatories state that Officer Christopher Feil is involved in a currently pending lawsuit in the Northern District of Illinois with claims for false arrest, malicious prosecution, and excessive force; Officer Matthew Dercola is currently a defendant in a lawsuit (also in this district) alleging excessive force and unreasonable search and seizure claims.

[6] Indeed, this court's standing order 1.H cautions that "Local Rule 56.1 will be strictly enforced."

Ameritech Corp., 442 F.3d 600, 604 (7th Cir. 2006); FTC v. Bay Area Bus. Council, Inc., 423 F.3d 627, 633 (7th Cir. 2005) (collecting cases); Waldridge v. Am. Hoeschst Corp., 24 F.3d 918, 923-24 (7th Cir. 1994) (explaining that district courts may sua sponte enforce L.R. 56.1).  This rule is not meant to unnecessarily confuse litigants; rather, it is intended to assist the district court by "organizing the evidence, identifying the undisputed facts, and demonstrating precisely how each side proposed to prove a disputed fact with admissible evidence." Bordelon v. Chi. Sch. Reform Bd. of Trs., 233 F.3d 524, 527 (7th Cir. 2000) (citation omitted).

Plaintiff has not even arguably attempted to comply with L.R. 56.1(b)(3)(B), which requires the non-movant to file "a response to each numbered paragraph in the moving party's statement, including, in the case of any disagreement, specific references to the affidavits, parts of the record, and other supporting materials relied upon . . . ."  By failing to file any response to defendants' L.R. 56.1(a)(3) statement, plaintiff has admitted all facts contained therein.

Instead of responding to defendants' statement, plaintiff filed a list of "uncontested facts," which she calls "her Local Rule 56.1(a)"—the portion of the rule directed to movants.  As the party opposing summary judgment, if plaintiff wanted to supply additional facts, she should have filed "a statement, consisting of short numbered paragraphs, of any additional facts that require the denial of summary judgment."  L.R. 56.1(b)(3)(C).  Rather than doing so, plaintiff appears to have attempted to comply with L.R. 56.1(a), as indicated by her inclusion of facts describing the parties and supporting venue and jurisdiction (and, of course, her description of the filing as "her 56.1(a)").

Moreover, some paragraphs of plaintiff's statement fail to comply with L.R. 56.1(b)(3)(C)'s requirement—which is identical to L.R. 56.1(a)'s requirement, so plaintiff's

5

apparent confusion with the rule does not provide an excuse—that facts be supported by reference to supporting materials. Paragraph 4 omits any reference to supporting material. Paragraph 6 ("Chicago Police had no legal reason for seizing the Plaintiff's money") advances a legal argument, rather than supplying an "uncontested fact." Judson Atkinson Candies, Inc. v. Latini-Hohberger Dhimantec, 529 F.3d 371, 382 n.2 (7th Cir. 2008) ("It is inappropriate to make legal arguments in a Rule 56.1 statement of facts."). Paragraph 9, which states that "[t]he money was from Fanchon Courtney's social security check," relies upon plaintiff's Exhibit E, which is simply a bank statement for the dates January 13, 2010, through February 9, 2010, showing that on February 2, 2010, a Social Security check in the amount of $670 was deposited in plaintiff's account. This exhibit does not show that the money seized on February 17, 2010, came from plaintiff's social security check. (Plaintiff could, however, ostensibly testify at trial about her personal knowledge of the seized money's origins.)

Neither are defendants blameless. In lieu of preparing a "factual background section" in their memorandum of law in support of their motion, defendants state: "The statement of facts is contained in Defendant City of Chicago and the Chicago Police Department's Local Rule 56.1 statement . . . filed under separate cover." As the court has repeatedly explained, an L.R. 56.1 statement of facts is not a substitute for a statement of facts contained in a memorandum of law. Cleveland v. Prarie State College, 208 F. Supp. 2d 967, 972-73 (N.D. Ill. 2002) (citation omitted). The former is designed to focus any material factual disputes for the court, while the latter is a litigant's opportunity to describe the underlying events, provide relevant background information, and persuade the court. "These fundamental principles, that presumably are known by all lawyers practicing before this court including counsel herein, prohibit the type of

irresponsible briefing that was submitted in connection with the instant motion." Id. at 973.

## **CONCLUSION**

For the foregoing reasons, the court grants defendants' motion for summary judgment.[7]

**ENTER:** March 24, 2011

_____
**Robert W. Gettleman**
**United States District Judge**

---

[7] The court expresses its appreciation to attorney Steven Lang of the Lang-Falusi Firm for his representation of plaintiff pursuant to appointment by the court.